IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERENCE L. JANNKE,

                          Petitioner,

   v.                                                 OPINION and ORDER

DANIEL CROMWELL,                                 22-cv-315-jdp

                          Respondent.

---

Terence L. Jannke, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for first-degree reckless homicide, maintaining a drug trafficking place as a party to a crime, and possession of heroin with intent to deliver. *See* Dodge County Case No. 2016CF3473. Jannke has paid the $5 filing fee, and the petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

Rule 4 requires the court to examine the petition and supporting exhibits and to dismiss the petition if it "plainly appears" that petitioner is not entitled to relief. After reviewing the petition I conclude that Jannke has procedurally defaulted his claims. But I will give Jannke a short deadline to show cause why the case should not be dismissed.

A state prisoner seeking habeas relief from a federal court must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This means that a state prisoner must present his claims through a complete round of state-court review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995). Jannke concedes that he did not present his claims to every level of the Wisconsin

court system: his petition for review in the Wisconsin Supreme Court was dismissed for being untimely.

The doctrine of "procedural default" prohibits federal courts from reviewing habeas claims if the petitioner's claims are procedurally barred under state law. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (petitioner defaults on claim if "the claim was not presented to the state courts and it is clear that those courts would now hold that the claim procedurally barred"). In very rare circumstances, a federal court may excuse a petitioner's procedural default. One way for Jannke to do so would be to show cause and prejudice for his failure to exhaust his claims. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). That requires showing that there was "some objective factor external to the defense" that prevented him from pursuing his claim in state court. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). Jannke states that his petition for review was untimely because he was given the wrong petition-for-review deadline date by a prison inmate "law clerk." But Jannke's own ignorance of the Wisconsin procedural rules is not enough to show cause. *See Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003). And courts have routinely rejected similar claims for cause based on a fellow inmate's poor advice. *See, e.g., Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990); *Canales v. Gray*, No. 5:18CV1857, 2021 WL 3056317, at *2 (N.D. Ohio July 20, 2021); *Bradley v. Lawrence*, No. 19-CV-479-SMY, 2019 WL 7037595, at *2 (S.D. Ill. Dec. 20, 2019).

Courts can also excuse a petitioner's procedural default if the petitioner can show that dismissal would result in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). But this usually requires a showing that it is more likely than not that a jury could not have convicted the petitioner in light of new evidence. *Id.*; *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016).

2

I will direct Jannke to file a response to this order showing cause why I should not dismiss his habeas petition on grounds of procedural default for failure to timely raise his claims to the state courts. Jannke may accomplish this by showing that no reasonable juror would have convicted him in light of new evidence that was not presented at trial. If Jannke fails to show that he is entitled to this exception to the procedural default rules, I will dismiss his petition.

ORDER

IT IS ORDERED that petitioner Terence L. Jannke may have until August 30, 2022, to respond to this order and show cause why his petition should not be dismissed.

Entered August 10, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge